UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

Moshe Vaknin

                            Plaintiff,

        - against -

Preferred Contractors Insurance Company,
Golden State Claims Adjusters, and
Bonato Construction LLC

                            Defendants.
-----------------------------------------------------------x

Docket No: 22 cv 7848

## COMPLAINT

        Plaintiff by his attorneys, ROSEN LAW LLC for its complaint in this action, alleges as follows:

### JURISDICTION AND VENUE

        1.      That the United States District Court for the Eastern District of New York has jurisdiction over the parties, pursuant to Title 28 of the United States Code §1332(a)(1) as the Plaintiff and Defendants are citizens of different states and supplemental jurisdiction pursuant to Title 28 of the United States Code §1367, which provides the District Court with jurisdiction based on diversity of citizenship.

        2.      The matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

        3.      The United States District Court for the Eastern District of New York has venue pursuant to Title 28 of the United States Code §1391(b)(2), as (i) Plaintiff is a resident of and citizen of the State of New York, and Defendants are residents of and citizens of States other than the State of New York, and (ii) a contract between Plaintiff and Defendant Bonato Construction LLC was made within the State of New York within in the Eastern District of New York.

4.      Plaintiff demands a jury trial.

5.      This is an action for breach of contract, breach of implied warranty, breach of warranty of merchantibility, breach of warranty of fitness for a particular purpose, negligence, tortious interference and declaratory judgment.

**AS AND FOR A FIRST CLAIM FOR RELIEF FOR
BREACH OF CONTRACT AGAINST
DEFENDANT BONATO CONSTRUCTION LLC**

6.      Plaintiff is an individual residing at 1868 East 23rd Street, Brooklyn, New York, within the Eastern District of New York, and is a citizen of the State of New York.

7.      Upon information and belief, Defendant Bonato Construction LLC is a limited liability company, organized and existing under the laws of the State of New York, with its principal place of business located at 447 West Park Avenue, Oakhurst, New Jersey.

8.      Upon information and belief, none of the members of Defendant Bonato Construction LLC are residents of or citizens of the State of New York.

9.      Upon information and belief, Defendant Preferred Contractors Insurance Company is a Maryland corporation, its principal place of business located at 1620 Provideence Road, Towson, Maryland 21286.

10.     Upon information and belief, Defendant Golden State Claims Adjusters is a California corporation, its principal place of business located at 2244 Faraday Avenue, Suite 126, Carlsbad, California 92008.

11.     Plaintiff and Defendant Bonato Construction LLC entered into a contract dated March 16, 2021 for the sum of $188,950.00 for Defendant Bonato Construction LLC to provide renovations for Plaintiff to the Plaintiff's second home located at 32 Rozbern Drive, Eatontown, New Jersey (the "Premises").

12.     Defendant Bonato Construction LLC agreed to provide and install hardwood flooring on the second floor bedrooms and hallway in the Premises using Birch Mahogany Item Number HS-BIRCH4-MA.

13.     Defendant Bonato Construction LLC was hired by Plaintiff to, among other things, install new wood floors in the Premises.

14.     When Defendant Bonato Construction LLC installed the new wood floors, the wood that was furnished and installed by Defendant Bonato Construction LLC in the Premises contained powder post beetles, which were not discovered until after Defendant Bonato Construction LLC completed the installation of such new wood floors.

15.     The wood that Defendant Bonato Construction LLC provided to Plaintiff was defective in that the wood contained powder post beetles.

16.     Defendant Bonato Construction LLC was negligent in failing to inspect the wood for defectives and insects prior to the installation of the wood flooring.

17.     Plaintiff hired Orkin Pest Control to inspect the newly installed wood floors in the Premises, and it was discovered by Orkin Pest Control that the new wood flooring materials contained powder post beetles.

18.     The wood furnished by Defendant Bonato Construction LLC should not have contained powder post beetles

19.     Plaintiff paid Orkin Pest Control to exterminate the powder post beetles from the new wood floors.

20.     The total costs incurred by Plaintiff to remediate the damages caused by the powder post beetles, requiring removal and replacement of the wood flooring, and for the costs of extermination exceeded $75,000.00.

21.     Upon information and belief, Defendant Bonato Construction LLC was insured by Defendant Preferred Contractors Insurance Company for liability insurance under Policy Number PC393086 effective March 29, 2021 through March 29, 2022.

22.     Upon information and belief, Defendant Bonato Construction LLC was insured by Defendant Preferred Contractors Insurance Company for liability insurance under Policy Number PC424385 effective February 4, 2022 through March 24, 2022.

23.     Plaintiff is a third-party beneficiary to the insurance contracts by and between Defendant Bonato Construction LLC and Defendant Preferred Contractors Insurance Company.

24.     Plaintiff filed a claim with Defendant Bonato Construction LLC and with Defendant Preferred Contractors Insurance Company for the damages caused by Defendant Bonato Construction LLC to Plaintiff by Defendant Bonato Construction LLC furnishing and installing defective wood flooring in the Premises.

25.     Defendant Preferred Contractors Insurance Company issued claim number PRO13022 for the claim made by Plaintiff against Defendant Bonato Construction LLC and Defendant Preferred Contractors Insurance Company for the damages sustained by Plaintiff as set forth in this complaint.

26.     At all relevant times, Defendant Preferred Contractors Insurance Company hired Defendant Golden State Claims Adjusters to "adjust" the Plaintiff's claim.

27.     At all relevant times, Defendant Golden State Claims Adjusters is the agent of Defendant Preferred Contractors Insurance Company.

28.     Upon information and belief, Defendant Golden State Claims Adjusters never visited the Premises to inspect the damages sustained by Plaintiff.

29.     Upon information and belief, Defendant Preferred Contractors Insurance Company never visited the Premises to inspect the damages sustained by Plaintiff.

30.     At all relevant times, Ronald Koehnke of Defendant Golden State Claims Adjusters wrongfully, in bad faith and with the intent to pre-determine a rejection of the claims made by Plaintiff and Defendant Bonato Construction LLC claimed that Defendant Preferred Contractors Insurance Company, the insurance company that issued the insurance policies to Defendant Bonato Construction LLC would not cover the losses because of the false statement made by Ronald Koehnke that "Property damage arising out of your work performed in whole or in part prior to the inception date of the policy is not covered, in this case, the work started on March 22, 2021 but the first policy inception date wasn't until March 29, 2021, so there is no coverage on policy PC393086."

31.     The fact is that no work was performed in the Plaintiff's Premises until after March 29, 2021 and during the period of time when the insurance policy issued by Defendant Preferred Contractors Insurance Company to Defendant Bonato Construction LLC was in full force and effect.

32.     Defendant Preferred Contractors Insurance Company, has disclaimed coverage to Plaintiff and Defendant Bonato Construction LLC for the claim that was submitted by Plaintiff and Defendant Bonato Construction LLC presented by Plaintiff against Defendant Bonato Construction LLC.

33.     Defendant Preferred Contractors Insurance Company and Defendant Golden State Claims Adjusters wrongfully, and in bad faith stated that "The above-mentioned policies exclude coverage for any claim for property damage to your work arising out of it or any part of it and included in the products-completed operations hazard. Property damage

arising out of your work performed in whole or in part prior to the inception date of the policy is not covered, in this case, the work started on March 22, 2021 but the first policy inception date wasn't until March 29, 2021, so there is no coverage on policy PC393086. Property damage arising out of, resulting from, or in any way related to your work performed prior to the inception date of the policy is not covered, therefore, there is no coverage under policies PC410665 or PC424385. Coverage provided in this policy applies only to those operations of the Named Insured expressly specified in the application for insurance, which in this case was form work, framing, rough carpentry, interior/exterior staircases, fabricate and install cabinets, interior trim work, non-bearing partitions, and other items of "finish carpentry.' The policy requires that we are notified of an occurrence, offense, or event which may result in a claim no later than 30 days after being made aware, cooperate with us in the investigation or settlement of the claim, and shall promptly provide all documents, materials, and information reasonably requested in connection with any claims, none of which was not done on this claim."

34.     The work performed by Defendant Bonato Construction LLC in the subject Premises for Plaintiff did not commence prior to March 29, 2021, which was within the insurance policy applicable period.

35.     The damages sustained by Plaintiff was properly covered under the insurance policy issued by Defendant Preferred Contractors Insurance Company to Defendant Bonato Construction LLC.

36.     Defendant Preferred Contractors Insurance Company and Defendant Golden State Claims Adjusters have acted in bad faith, and breached their duties as an insurance

company and agent to properly and promptly pay legitimate claims for damages sustained by parties or insureds covered under their insured's insurance policies.

37.     At all relevant times, Ronald Koehnke is the agent of Defendant Golden State Claims Adjusters.

38.     On June 16, 2022, Ronald Koehnke of Defendant Golden State Claims Adjusters stated that he was going to resolve the Plaintiff's claim promptly, and Ronald Koehnke and Defendant Golden State Claims Adjusters failed to do so.

39.     Defendants have refused to compensate Plaintiff for the damages sustained by Plaintiff as a result of Defendant Bonato Construction LLC furnishing and installing the new defecteive wood flooring for Plaintiff.

40.     Between June 16, 2022 and August 19, 2022, counsel for Plaintiff contacted and left telephone messages for Ronald Koehnke of Defendant Golden State Claims Adjusters and Ronald Koehnke of Defendant Golden State Claims Adjusters never returned any telephone calls.

41.     Ronald Koehnke of Defendant Golden State Claims Adjusters failed to respond to Plaintiff and Plaintiff's counsel, and although Plaintiff and Plaintiff's counsel attempted to contact Ronald Koehnke of Defendant Golden State Claims Adjusters via telephone no less than 15 times between June 16, 2022 and August 19, 2022, and Ronald Koehnke of Defendant Golden State Claims Adjusters failed to return the telephone calls.

42.     Ronald Koehnke of Defendant Golden State Claims Adjusters also failed to respond to emails to Ronald Koehnke on June 29, 2022 and July 27, 2022 by Plaintiff's counsel.

43.     Defendant Bonato Construction LLC agreed to furnish and install merchantable hardwood floors for Plaintiff in the Premises.

44.     Defendant Bonato Construction LLC agreed to furnish and install hardwood floors free from insects and bugs for Plaintiff in the Premises.

45.     The wood materials that were furnished by Defendant Bonato Construction LLC to Plaintiff were defective which resulted in damages to Plaintiff.

46.     Plaintiff and Defendant Bonato Construction LLC entered into a contract.

47.     Plaintiff performed his obligations under the contract with Defendant Bonato Construction LLC.

48.     Defendant Bonato Construction LLC failed to perform their obligations under the contract with Plaintiff.

49.     Plaintiff has suffered damages attributable to Defendant Bonato Construction LLC's breach of its contract with Plaintiff.

50.     By reason of the foregoing, Plaintiff demands judgment against Defendant Bonato Construction LLC in an amount to be determined at trial, but greater than the sum of $100,000.00 and for such other and further relief as this Court deems just and proper, plus Plaintiff's attorneys fees, costs, expenses and disbursements.

### AS AND FOR A SECOND CLAIM FOR RELIEF FOR BREACH OF CONTRACT – THIRD PARTY BENEFICIARIES AGAINST DEFENDANT PREFERRED CONTRACTORS INSURANCE COMPANY

51.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "50" of this complaint, with the same force and effect as if more fully set forth at length herein.

52.     Defendant Preferred Contractors Insurance Company issued insurance policies to Defendant Bonato Construction LLC for insurance which covered any damages caused by Defendant Bonato Construction LLC to the Plaintiff's Premises.

53.     Plaintiff was and is a third-party beneficiary under the insurance policies issued by Defendant Preferred Contractors Insurance Company to Defendant Bonato Construction LLC for insurance which covered any damages caused by Defendant Bonato Construction LLC to the Plaintiff's Premises.

54.     Defendant Bonato Construction LLC caused damages to Plaintiff's Premises.

55.     Defendant Preferred Contractors Insurance Company is required to insure the losses sustained by Plaintiff.

56.     Defendant Preferred Contractors Insurance Company is required to provide insurance coverage to Defendant Bonato Construction LLC for the losses sustained by Plaintiff.

57.     Defendant Preferred Contractors Insurance Company is required to provide insurance coverage to Plaintiff for the losses sustained by Plaintiff.

58.     Defendant Preferred Contractors Insurance Company has a contract with Defendant Bonato Construction LLC to provide insurance coverages for losses sustained by Plaintiff.

59.     Plaintiff is a third-party beneficiary under the insurance contract between Defendant Preferred Contractors Insurance Company and Defendant Bonato Construction LLC.

60.     Defendant Preferred Contractors Insurance Company has breached its obligations under the insurance contract between Defendant Preferred Contractors Insurance

Company and Defendant Bonato Construction LLC by refusing to pay claims of Plaintiff for losses sustained as a result of the acts and/or omissions by Defendant Bonato Construction LLC in causing negligent damages to Plaintiff's Premises and to Plaintiff.

61.     Upon information and belief, Defendant Bonato Construction LLC performed all of their obligations required under the insurance contract between Defendant Preferred Contractors Insurance Company and Defendant Bonato Construction LLC.

62.     Plaintiff performed all of his obligations required under the insurance contract between Defendant Preferred Contractors Insurance Company and Defendant Bonato Construction LLC, wherein Plaintiff was and is a third-party beneficiaries under such contract.

63.     Defendant Bonato Construction LLC has been damaged as a reasult of Defendant Preferred Contractors Insurance Company's refusal to honor its contract with Defendant Bonato Construction LLC.

64.     Plaintiff has been damaged as a reasult of Defendant Preferred Contractors Insurance Company's refusal to honor its contract with Defendant Bonato Construction LLC.

65.     Plaintiff has been damaged and has suffered damages as a reasult of Defendant Preferred Contractors Insurance Company's refusal to honor its contract with Plaintiff as a third-party beneficiary.

66.     By reason of the foregoing, Plaintiff demands judgment against Defendant Preferred Contractors Insurance Company in an amount to be determined at trial, but greater than the sum of $100,000.00 and for such other and further relief as this Court deems just and proper, plus Plaintiff's attorneys fees, costs, expenses and disbursements.

**AS AND FOR A THIRD CLAIM FOR RELIEF FOR
NEGLIGENCE AGAINST DEFENDANT
BONATO CONSTRUCTION LLC**

67.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "66" of this complaint, with the same force and effect as if more fully set forth at length herein.

68.     Defendant Bonato Construction LLC owed a duty to Plaintiff to protect Plaintiff from the damages that the Plaintiff sustained in the Premises due to the defective wood flooring materials that Defendant Bonato Construction LLC furnished and installed for Plaintiff in the Premises.

69.     Defendant Bonato Construction LLC breached their duty to Plaintiff.

70.     Defendant Bonato Construction LLC was the proximate cause of the injuries that Plaintiff sustained.

71.     Plaintiff suffered damages as a result of the breach and negligence of Defendant Bonato Construction LLC.

72.     By reason of the foregoing, Plaintiff demands judgment against Defendant Bonato Construction LLC in an amount to be determined at trial, but greater than the sum of $100,000.00 and for such other and further relief as this Court deems just and proper, plus Plaintiff's attorneys fees, costs, expenses and disbursements.

**AS AND FOR A FOURTH CLAIM FOR RELIEF FOR
BREACH OF IMPLIED WARRANTY OF MERCHANTIBILITY
AGAINST DEFENDANT BONATO CONSTRUCTION LLC**

73.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "72" of this complaint, with the same force and effect as if more fully set forth at length herein.

74.    Plaintiff purchased products and services from Defendant Bonato Construction LLC, who is a merchant with respect to goods of that kind.

75.    The products sold by and installed by Defendant Bonato Construction LLC were defectively manufactured, i.e. not reasonably fit for its ordinary purpose because such products contained insects, including but not limited to powder post beetles which were not ordinarily contained in the products that were sold by and installed by Defendant Bonato Construction LLC for Plaintiff.

76.    The defects in the wood flooring materials existed when Defendant Bonato Construction LLC delivered the products to Plaintiff.

77.    The defects in the wood flooring materials existed when Defendant Bonato Construction LLC installed the products in the Premises.

78.    The defective materials are the proximate cause of the Plaintiff's injuries.

79.    By reason of the foregoing, Plaintiff demands judgment against Defendant Bonato Construction LLC in an amount to be determined at trial, but greater than the sum of $100,000.00 and for such other and further relief as this Court deems just and proper, plus Plaintiff's attorneys fees, costs, expenses and disbursements.

### AS AND FOR A FIFTH CLAIM FOR RELIEF FOR BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE AGAINST DEFENDANT BONATO CONSTRUCTION LLC

80.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "79" of this complaint, with the same force and effect as if more fully set forth at length herein.

81.     Defendant Bonato Construction LLC, at the time of contracting with Plaintiff, must have reason to know the particular purpose for which the wood flooring materials were required;

82.     Defendant Bonato Construction LLC must have reason to know that Plaintiff was relying on Defendant Bonato Construction LLC's skill or judgment to select or furnish suitable wood materials for the specified purpose.

83.     Plaintiff actually relied on Defendant Bonato Construction LLC's skill or judgment.

84.     By reason of the foregoing, Plaintiff demands judgment against Defendant Bonato Construction LLC in an amount to be determined at trial, but greater than the sum of $100,000.00 and for such other and further relief as this Court deems just and proper, plus Plaintiff's attorneys fees, costs, expenses and disbursements.

## AS AND FOR A SIXTH CLAIM FOR RELIEF FOR
## TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIP
## AGAINST
## DEFENDANT GOLDEN STATE CLAIMS ADJUSTERS

85.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "84" of this complaint, with the same force and effect as if more fully set forth at length herein.

86.     There was a contract between Plaintiff and Defendant Bonato Construction LLC.

87.     There was and is a valid contract between Plaintiff and Defendant Bonato Construction LLC.

88.     There was and is a valid contract between Plaintiff and Defendant Preferred Contractors Insurance Company.

89.     Defendant Golden State Claims Adjusters knew of the existence of a valid contract between Plaintiff and Defendant Bonato Construction LLC.

90.     Defendant Golden State Claims Adjusters knew of the existence of a valid contract between Plaintiff and Defendant Preferred Contractors Insurance Company.

91.     Defendant Golden State Claims Adjusters has intentionally procured of the breach of the contract between Plaintiff and Defendant Bonato Construction LLC without justification, by Defendant Golden State Claims Adjusters wrongful decision to advise Defendant Preferred Contractors Insurance Company to reject the claims of Defendant Bonato Construction LLC for damages that Defendant Bonato Construction LLC caused to Plaintiff's Premises.

92.     Defendant Golden State Claims Adjusters has intentionally procured of the breach of the contract between Plaintiff and Defendant Preferred Contractors Insurance Company without justification, by Defendant Golden State Claims Adjusters wrongful decision to advise Defendant Preferred Contractors Insurance Company to reject the claims of Defendant Bonato Construction LLC for damages that Defendant Bonato Construction LLC caused to Plaintiff's Premises.

93.     Defendant Golden State Claims Adjusters has intentionally and tortiously interfered with Plaintiff's contract with Defendant Bonato Construction LLC.

94.     Defendant Golden State Claims Adjusters has intentionally and tortiously interfered with Plaintiff's contract with Defendant Preferred Contractors Insurance Company.

95.     Defendant Golden State Claims Adjusters has caused an actual breach of the contract, between Plaintiff and Defendant Bonato Construction LLC.

96.     Defendant Golden State Claims Adjusters has caused an actual breach of the contract, between Plaintiff and Defendant Preferred Contractors Insurance Company.

97.     Plaintiff has suffered damages as a result of Defendant Golden State Claims Adjusters' intentional and tortious interference with Plaintiff's contract with Defendant Bonato Construction LLC.

98.     Plaintiff has suffered damages as a result of Defendant Golden State Claims Adjusters' intentional and tortious interference with Plaintiff's contract with Defendant Preferred Contractors Insurance Company.

99.     By reason of the foregoing, Plaintiff demands judgment against Defendant Golden State Claims Adjusters in an amount to be determined at trial, but greater than the sum of $100,000.00 and for such other and further relief as this Court deems just and proper, plus Plaintiff's attorneys fees, costs, expenses and disbursements.

## AS AND FOR A SEVENTH CLAIM FOR RELIEF FOR TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIP AGAINST DEFENDANT PREFERRED CONTRACTORS INSURANCE COMPANY

100.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "99" of this complaint, with the same force and effect as if more fully set forth at length herein.

101.     There was a contract between Plaintiff and Defendant Bonato Construction LLC.

102.    There was and is a valid contract between Plaintiff and Defendant Bonato Construction LLC.

103.    Defendant Preferred Contractors Insurance Company knew of the existence of a valid contract between Plaintiff and Defendant Bonato Construction LLC.

104.    Defendant Preferred Contractors Insurance Company has intentionally procured of the breach of the contract between Plaintiff and Defendant Bonato Construction LLC without justification, by Defendant Golden State Claims Adjusters wrongful decision to advise Defendant Preferred Contractors Insurance Company to reject the claims of Defendant Bonato Construction LLC for damages that Defendant Bonato Construction LLC caused to Plaintiff's Premises.

105.    Defendant Preferred Contractors Insurance Company has intentionally and tortiously interfered with Plaintiff's contract with Defendant Bonato Construction LLC.

106.    Defendant Preferred Contractors Insurance Company has caused an actual breach of the contract, between Plaintiff and Defendant Bonato Construction LLC.

107.    Plaintiff has suffered damages as a result of Defendant Preferred Contractors Insurance Company's intentional and tortious interference with Plaintiff's contract with Defendant Bonato Construction LLC.

108.    By reason of the foregoing, Plaintiff demands judgment against Defendant Preferred Contractors Insurance Company in an amount to be determined at trial, but greater than the sum of $100,000.00 and for such other and further relief as this Court deems just and proper, plus Plaintiff's attorneys fees, costs, expenses and disbursements.

## AS AND FOR AN EIGHTH CLAIM FOR RELIEF FOR
## A DECLARATORY JUDGMENT AGAINST DEFENDANT
## PREFERRED CONTRACTORS INSURANCE COMPANY

109.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "108" of this complaint, with the same force and effect as if more fully set forth at length herein.

110.    A bona fide justiciable and substantial controversy exists between Plaintiff and Defendant Preferred Contractors Insurance Company.

111.    A bona fide justiciable and substantial controversy exists between Plaintiff and Defendant Bonato Construction LLC.

112.    A bona fide justiciable and substantial controversy exists between Defendant Preferred Contractors Insurance Company and Defendant Bonato Construction LLC.

113.    The controversy between Plaintiff and Defendant Preferred Contractors Insurance Company have adverse legal interests as to either present or prospective obligations.

114.    The controversy between Plaintiff and Defendant Bonato Construction LLC have adverse legal interests as to either present or prospective obligations.

115.    The controversy between Defendant Preferred Contractors Insurance Company and Defendant Bonato Construction LLC have adverse legal interests as to either present or prospective obligations.

116.    A judgment would serve a useful purpose in clarifying or settling the legal issues.

117.    A judgment would finalize the controversy and offer relief from uncertainty.

118.    By reason of the foregoing, Plaintiff demands judgment for a declaratory judgment declaring that Defendant Preferred Contractors Insurance Company is required to insure and pay to Plaintiff for the losses sustained by Plaintiff in an amount to be determined at trial, but greater than the sum of $100,000.00 and for such other and further relief as this Court deems just and proper, plus Plaintiff's attorneys fees, costs, expenses and disbursements.

**AS AND FOR A NINTH CLAIM FOR RELIEF AGAINST
DEFENDANT PREFERRED CONTRACTORS INSURANCE
COMPANY FOR BAD FAITH**

119.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "118" of this complaint, with the same force and effect as if more fully set forth at length herein.

120.    Plaintiff is a third-party beneficiary under the insurance contract between Defendant Preferred Contractors Insurance Company and Defendant Bonato Construction LLC.

121.    Defendant Preferred Contractors Insurance Company exhibited a gross disregard for the interests of Plaintiff.

122.    The gross disregard by Defendant Preferred Contractors Insurance Company caused the loss of an actual opportunity to settle Plaintiff's damages within the policy limit of insurance under the insurance contract between Defendant Preferred Contractors Insurance Company and Defendant Bonato Construction LLC.

123.    Due to the bad faith by Defendant Preferred Contractors Insurance Company.

124.    Due to the bad faith by Defendant Preferred Contractors Insurance Company, Defendant Preferred Contractors Insurance Company should not be permitted to issue

insurance policies in the State of New York, and the State of New Jersey and their insurance license, if any should be revoked.

125.    By reason of the foregoing, Plaintiff demands judgment for a declaratory judgment declaring that (i) Defendant Preferred Contractors Insurance Company acted in bad faith by their refusal to pay for the damages sustained by Plaintiff; (ii) Defendant Preferred Contractors Insurance Company should not be permitted to issue insurance policies in the State of New York and the State of New Jersey; (iii) Defendant Preferred Contractors Insurance Company's insurance license, if any should be revoked; and (iv) for damages in an amount to be determined at trial, but greater than the sum of $100,000.00, and (v) for such other and further relief as this Court deems just and proper, plus Plaintiff's attorneys fees, costs, expenses and disbursements.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

A.      On the first claim for relief against Defendant Bonato Construction LLC in an amount to be determined at trial, but greater than the sum of $100,000.00 and for such other and further relief as this Court deems just and proper, plus Plaintiff's attorneys fees, costs, expenses and disbursements; and

B.      On the second claim for relief against Defendant Preferred Contractors Insurance Company in an amount to be determined at trial, but greater than the sum of $100,000.00 and for such other and further relief as this Court deems just and proper, plus Plaintiff's attorneys fees, costs, expenses and disbursements;

C.      On the third claim for relief against Defendant Bonato Construction LLC in an amount to be determined at trial, but greater than the sum of $100,000.00 and for such other

and further relief as this Court deems just and proper, plus Plaintiff's attorneys fees, costs, expenses and disbursements;

D.    On the fourth claim for relief against Defendant Bonato Construction LLC in an amount to be determined at trial, but greater than the sum of $100,000.00 and for such other and further relief as this Court deems just and proper, plus Plaintiff's attorneys fees, costs, expenses and disbursements;

E.    On the fifth claim for relief against Defendant Bonato Construction LLC in an amount to be determined at trial, but greater than the sum of $100,000.00 and for such other and further relief as this Court deems just and proper, plus Plaintiff's attorneys fees, costs, expenses and disbursements;

F.    On the sixth claim for relief against Defendant Golden State Claims Adjusters in an amount to be determined at trial, but greater than the sum of $100,000.00 and for such other and further relief as this Court deems just and proper, plus Plaintiff's attorneys fees, costs, expenses and disbursements

G.    On the seventh claim for relief against Defendant Preferred Contractors Insurance Company in an amount to be determined at trial, but greater than the sum of $100,000.00 and for such other and further relief as this Court deems just and proper, plus Plaintiff's attorneys fees, costs, expenses and disbursements;

H.    On the eighth claim for relief against Defendant Preferred Contractors Insurance Company for a declaratory judgment declaring that is required to insure and pay to Plaintiff for the losses sustained by Plaintiff in an amount to be determined at trial, but greater than the sum of $100,000.00 and for such other and further relief as this Court deems just and proper, plus Plaintiff's attorneys fees, costs, expenses and disbursements

I.     On the ninth claim for relief against Defendant Preferred Contractors Insurance Company for a declaratory judgment declaring that (i) Defendant Preferred Contractors Insurance Company acted in bad faith by their refusal to pay for the damages sustained by Plaintiff; (ii) Defendant Preferred Contractors Insurance Company should not be permitted to issue insurance policies in the State of New York and the State of New Jersey; (iii) Defendant Preferred Contractors Insurance Company's insurance license, if any should be revoked; and (iv) for damages in an amount to be determined at trial, but greater than the sum of $100,000.00, and (v) for such other and further relief as this Court deems just and proper, plus Plaintiff's attorneys fees, costs, expenses and disbursements

J.     granting such other relief as may be proper.

Dated:     December 23, 2022
            Great Neck, New York

            Gary Rosen, Esq. – GR8007
            ROSEN LAW LLC
            Attorneys for Plaintiff Moshe Vaknin
            216 Lakeville Road
            Great Neck, New York 11020
            516-437-3400